### VAN R. HUMPHREY *et al.*

#### *vs.*

### PALMER E. HAVENS *et al.*

The Court will not open a judgment, and grant a new trial on motion of a defendant, who has been in default for several years, and who offers no excuse of such default.

This action has been before this Court twice by appeal, and is again brought to its consideration by motion. The case is fully stated in the opinion of the Court, and in the previous volumes of Reports referred to therein.

JAMES K. HUMPHREY for motion.

BIGELOW & CLARK against motion.

*By the Court*—WILSON, CH. J.—This action was commenced to foreclose a mortgage upon certain real estate, and to hold

the defendants—except Betty E. Havens and Benjamin Allen—personally liable for any balance of the mortgage debt, which might remain after a sale of the mortgaged premises.

It. was commenced in 1861; tried by the District Court of Ramsey county, in May, 1863, and argued in this court, on appeal, at the July term, 1864. 9 *Minn.*, 318. A new trial having been awarded, it was then referred to George L. Otis, Esq., for trial, on whose report judgment was entered, and the plaintiffs again appealed to this Court. It was here again argued on appeal, at the January term, 1867, and the judgment of the Court below was affirmed, (12 *Minn.*, 298,) and it is now before us on two motions :

1. One by James K. Humphrey, one of the defendants, to be permitted to re-argue the case, and for judgment, as demanded in the complaint, &c.

2. One by the executors of J. W. Selby, deceased, " that the cause be remanded to the court whence it came, with leave to the defendants, the executors of the last will and testament of J. W. Selby, deceased, parties defendant therein, to contest the priority of their liability to pay the indebtedness therein to the plaintiffs, with Palmer E. Havens, and that the costs abide the event of the suit, on the ground that the defendant, Selby, died before the trial, and that his executors were not made parties to said suit until after the finding and decision of the cause was made by the referee."

It appears by the affidavit of James K. Humphrey, that Selby died on the 11th day of April, 1865, and that his executors were made parties to this action on the 26th day of May, 1866.

No answer or defense was interposed by Selby, nor has any been interposed by his executors, or by Humphrey. There was no objection to the foreclosure of the mortgage, but Havens denied his personal liability, which was the only issue in

the case, and, after a very protracted litigation, this issue has been decided in his favor. The plaintiff and Havens were the only parties to this issue, and it does not appear that either of them desires to disturb the judgment. The defendant, Humphrey, having made default more than six years ago, cannot now have the right to *re-argue* a question that he has never argued, or had the right to argue. Though a party to the action, he is a stranger to this litigation. He having waived his right to be heard when the cause was pending in the courts, it would be a great injustice to other parties in the action, and a disregard and violation of every precedent and rule of practice to re-open the questions settled by the judgment, and to hear an argument by a party who has been in default for six years, and who does not offer a word of excuse for such default. The maxim, that the law favors the vigilant, and not those who sleep upon their rights, applies here with great force.

Selby's representatives stand in no better position than Humphrey. Selby was in default, and before his decease, the cause had been at issue several years, and his executors were substituted as parties, before the cause came into this court the last time, and their default is not explained or excused.

Both motions denied.